United States Bankruptcy Court
Western District of North Carolina

```
In re:                                                           Case No. 11-51141-jcw
Diana Houck                                                      Chapter 13
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0419-5          User: AutoDkt              Page 1 of 1            Date Rcvd: Sep 15, 2011
                              Form ID: b9i               Total Noticed: 6
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 17, 2011.
```
db          +Diana Houck,    318 Todd Railroad Grade Road,    Todd, NC 28684-9339
tr          +Steven G. Tate,    212 Cooper Street,    Statesville, NC 28677-5856
smg          United States Attorney,    Federal Courthouse Rm. 233,    100 Otis Street,
              Asheville, NC 28801-2608
4521764     +Life Store Bank,    21 East Ashe Street,    West Jefferson, NC 28694-6011
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4522576     +EDI: IRS.COM Sep 15 2011 18:23:00      Internal Revenue Service,    P.O. Box 7317,
              Philadelphia, PA 19101-7317
4522577      EDI: NCDEPREV.COM Sep 15 2011 18:23:00      North Carolina Department of Revenue,
              Bankruptcy Unit,    P.O. Box 1168,    Raleigh, NC 27602-1168
                                                                                              TOTAL: 2

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 17, 2011**           **Signature:** _Joseph Speetjens_

**FORM B9I** (Chapter 13 Individual or Joint Debtor Asset Case) (10/05)                          Case Number **11–51141**

**UNITED STATES BANKRUPTCY COURT**
Western District of North Carolina (Wilkesboro)

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 13 bankruptcy case concerning the debtor(s) listed below was filed on 9/12/11.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office.
NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations.

Debtor(s) (name(s) used in the last 8 years, including married, maiden, trade and address):

Diana Houck
318 Todd Railroad Grade Road
Todd, NC 28684

| Case Number:<br>11–51141 | Social Security/Taxpayer ID Nos.:<br>xxx–xx–6867 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Diana Houck<br>318 Todd Railroad Grade Road<br>Todd, NC 28684<br><br>Telephone number: | Bankruptcy Trustee (name and address):<br>Steven G. Tate<br>212 Cooper Street<br>Statesville, NC 28677<br><br>Telephone number: (704) 872–0068 |

### Meeting of Creditors:

Date: **October 24, 2011**                Time: **09:30 AM**

Location: **Johnson J Hayes Federal Building, 207 West Main Street, 2nd Floor, Wilkesboro, NC 28697**

### Deadlines:

FILE A PROOF OF CLAIM WITH ATTACHMENTS ELECTRONICALLY WITH THE CLERK OF THE BANKRUPTCY COURT ON THE BANKRUPTCY COURT'S WEB SITE AT www.ncwb.uscourts.gov.
**Deadline to File a Proof of Claim:**
For all creditors(except a governmental unit): **1/23/12**     For a governmental unit: **180 days from date of voluntary petition, order for relief, or conversion, whichever is later.**

**Deadline to File a Complaint to Determine Dischargeability of Certain Debts:** 12/23/11

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.
File the original of the objection with the Clerk of the Bankruptcy Court at the address shown below.

**Filing of Plan, Hearing on Confirmation of Plan**
The debtor has not filed a plan as of this date. You will be sent separate notice of the hearing on confirmation of the plan.

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Foreign Creditors

A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

| **Address of the Bankruptcy Clerk's Office:**<br>Wilkesboro Division<br>P.O. Box 34189<br>Charlotte, NC 28234–4189<br><br>Telephone number: 704–350–7500 | **For the Court:**<br><br>Clerk of the Bankruptcy Court:<br>Steven T. Salata |
|---|---|
| Hours Open: 8:30 AM – 4:30 PM, Monday – Friday | Date: 9/15/11 |

**EXPLANATIONS**  FORM B9I (10/05)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust their debts pursuant to a plan. A plan is not effective unless confirmed by the court. A copy or summary of the plan, if not enclosed, will be sent to you later. If object to confirmation, you will be sent notice of the date of the confirmation hearing. You may object to confirmation of the plan and attend hearing on your objection to confirmation. Unless the court orders otherwise, the debtor will remain in possession of the debtor's property and may continue to operate the debtor's business. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362 and §1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; garnishing or deducting from the debtor's wages; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States Bankruptcy Administrator not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Claims | A Proof of Claim is a statement describing a creditor's claim and must be filed electronically with the Bankruptcy Court at the Bankruptcy court's web site at www.ncwb.uscourts.gov. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

––– Refer to Other Side for Important Deadlines and Notices –––

NOTICE IS HEREBY GIVEN that if the debtor fails to make timely payments to the trustee beginning within thirty (30) days of the filing date of the petition, or if the debtor fails to appear at the first meeting of creditors, or if the debtor fails to file all schedules, statements, lists and other documents required to be filed by the Federal Rules of Bankruptcy Procedures and the Local Bankruptcy Rules of this Court within the time period set forth in these rules, the debtor's case will be subject to dismissal without further notice or opportunity for hearing.